THEODORE HOLLISTER and Others v. E. F. SWEENEY and Another.[1]

December 19, 1902.

Nos. 13,114—(138).

**Construction of Contract.**

A certain contract construed: *Held,* that under its terms, these defendants, parties of the second part, unconditionally obligated themselves to pay to plaintiffs, parties of the first part, the sum of $3,000 in cash, or, in lieu of this payment and as its equivalent, at their (defendants') option, to perform certain specified and designated work of exploration and testing land for iron ore.

Action in the district court for St. Louis county to recover from defendants $3,000 upon a contract. The case was tried before

[1] Reported in 92 N. W. 525.

Dibell, J., who, upon the close of the testimony, directed a verdict in favor of plaintiffs for the sum demanded. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*John G. Williams*, for appellants.

*H. J. Grannis*, for respondents.

COLLINS, J.

This action was, in fact, on a contract—denominated therein as a "lease and privilege"—to recover the sum of $3,000, claimed to be due according to its terms. The contract itself was not set out in the complaint, but the allegations were as to its legal effect. There was no controversy over the facts. The contract was in writing, with the plaintiffs, owners of four forty-acre tracts of land in St. Louis county, as parties of the first part, and defendants as parties of the second part. By the terms of this contract the plaintiffs granted unto the defendants the exclusive right and privilege to enter upon these lands, and to explore the same for iron ore for a period of six months, and also the exclusive option, right, and privilege to take and receive from the former what is known as a mining lease of said premises for a fifty-year term, the contemplated lease being executed by plaintiffs, as the landowners, simultaneously with the contract, and made a part of it. The expressed consideration for the contract was $3,000,

"Which the said second parties agree to pay to said first parties as hereinafter set forth."

In consideration thereof, the former agreed to enter upon the lands on a certain day, to begin their exploration for iron ore, with at least one diamond drill and with a sufficient number of men to operate the same, and to prosecute the work of exploration continuously during all ordinary working days until the six-months term fully expired.

There were other provisions concerning the manner and extent of the work to be performed by defendants in exploring, the effect of a failure to commence at the time mentioned, or a failure diligently to prosecute the work, giving the defendants

"The privilege of surrendering this lease * * * upon the performance of the conditions and covenants herein contained";

An agreement that defendants should make a written report of the work to plaintiffs every thirty days; that they would furnish samples of the cores obtained, and keep the plaintiffs and the lands free and harmless from all liens and liabilities by reason of materials or labor furnished for the work. It was further agreed, should the parties of the second part, these defendants, faithfully perform all the terms and conditions of the contract upon their part to be performed.

"That they, said first parties, will release and discharge said second parties from their obligation to pay the cash consideration of three thousand dollars above mentioned, and the performance of the terms and conditions of this exploring lease by the parties of the second part shall be considered and treated as a payment of said three thousand dollars, but if said parties of the second part, having entered upon said work of exploration, shall abandon the same without fully carrying out and performing the obligations herein required and specified, said parties of the second part shall be liable, upon demand, to said parties of the first part, for the said three thousand dollars, as the consideration for the exploring lease, and as liquidated damages for the failure of the said parties of the second part to perform their said agreements."

The answer was a general denial, and then an allegation that the parties had entered into this written contract, a true and correct copy being attached, and that defendants had fully carried out and performed all the obligations in the same required on their part. The reply admitted the contract, alleged that it was the one relied upon in the complaint, and also that, after entering upon the work and beginning explorations, the defendants abandoned the same and refused to perform. It stood admitted by the pleadings and upon the trial that the defendants had paid no part of the three thousand dollars. It must also be taken as admitted that there was but a partial exploration, and that there was no substantial performance of the obligation assumed by defendants to explore and test for ore. On two 40's nothing at all seems to have been done. At the close of the testimony the trial court directed a verdict for plaintiffs for the sum of three thousand dollars, and defendants appealed from an order denying a motion for a new trial.

The question on which we dispose of the case involves simply a construction of the contract, and is thus stated by defendants' counsel in his brief:

"Is the contract a lease for six months of the premises described, with a rental of three thousand dollars to be paid in cash, or, at the option of the lessee, in work to be performed in the manner set forth in the lease; or is it an option for six months to call for a lease of the premises described, the consideration for the option being the performance by defendants of certain exploration work in the manner set forth in the option, and providing for the payment of three thousand dollars liquidated damages by defendants in case of the nonperformance by them of the conditions of said option?"

The court below construed the contract as one in the nature of a lease, by which defendants had absolutely agreed to pay three thousand dollars in cash, or, in lieu of the cash and at their option, by performing certain specified exploration work, for the exclusive right and privilege to explore and test the one hundred sixty acres for six months, and also the option to take a fifty-year mining lease. As it was conceded that defendants had not complied with its terms by payment either in cash or work, the direction for a verdict naturally followed.

We construe this contract as did the court below. It is wholly immaterial what it is denominated in the instrument itself, or what it may be called by court or counsel. We are to take it as a whole, and, by an examination of all its parts, ascertain the obligations of the parties as therein contained. By its terms the defendants were not only to pay three thousand dollars, either in cash or in an equivalent by exploration and making tests upon each of the four 40's with one drill and a sufficient crew of men, during the working days, for about five months' time, but there was a positive and unequivocal agreement upon their part to make these explorations and these tests in a certain specified manner and to a clearly defined extent. It was not optional with them to pay the money, or to explore and test, but the promise was unconditional to perform the work, and, if they did perform, nothing more was required of them. If they did not, their obligation, also unconditional, was to pay the money. And they could fully com-

ply with their part of the agreement without taking the fifty-year lease, for, as to it, they had an option merely.

But counsel for defendants, when claiming that the provision respecting the payment of the money should be construed as one providing for damages, either liquidated at three thousand dollars or as a penalty, in case defendants failed to perform, and not recoverable under the present complaint, relies upon two expressions,—the first, the phrase "as hereinafter set forth" in the clause wherein is the promise to pay three thousand dollars in cash; the other, the words "and as liquidated damages" in that part of the contract wherein it was agreed that on demand the defendants should be liable to the plaintiffs "for the said three thousand dollars as the consideration for the exploring lease, and as liquidated damages for the failure of the said parties of the second part to perform their said agreements."

The words "as hereinafter set forth" are found in connection with a positive and absolute agreement to pay three thousand dollars in money, and they qualify that promise and refer to the subsequent condition that this three thousand dollars may be paid in exploring work and making tests, instead of money. Without this qualifying expression the promise to pay money, and money only, would seem positive, and undoubtedly it was designedly used with reference to the subsequent or "hereinafter" provision for payment in work.

The other stipulation, that the defendants should be liable for the sum of three thousand dollars "as the consideration for the exploring lease, and as liquidated damages for the failure of the said parties of the second part to perform their said agreements," was not inserted for the benefit of the plaintiffs, or intended to be of any service to them. It was for the protection of the defendants, and to guard against any claim for damages that plaintiffs might make over and above the expressed consideration for the lease of three thousand dollars, should defendants fail to perform their part of the agreement and to explore, substantially in accordance with the terms of their contract; in other words, should the defendants fail to redeem their absolute and unconditional promise to make the specified explorations and tests, nothing in the

way of damages should be or could be recovered from them. Payment of the three thousand dollars was sufficient. This seems evident from the language, which, fairly construed, provides that the sum of three thousand dollars shall be in full payment of the option for the fifty-year lease, and for the exclusive six-months right to occupy and explore, and also as full compensation for all damages in case of a failure of the defendants to explore.

We hold that this was not an optional contract in all of its parts, whereby, in case of a failure to perform on the part of the defendants, they would simply be liable in damages, either liquidated or as a penalty, and not in excess of three thousand dollars, but that it was a privilege, contract, or lease, for an expressed consideration of the right to explore and test for iron ore upon plaintiffs' land for a period of six months, and the further right, simply an option, to take the mining lease; for all of which the consideration or rental of three thousand dollars was to be paid in cash, unless defendants fulfilled their absolute obligation to do the specified work, and thus paid in work as the equivalent of cash. Having failed to fulfil, the defendants are liable upon their agreement to pay money. They are not liable in damages, in addition, because of the stipulation that they should not be.

Order affirmed.